IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER GIBSON, for her minor child, | ) | |
| C.E., | ) | |
| Plaintiff-Claimant, | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-07715 |
| | ) | |
| MICHAEL J. ASTRUE | ) | Magistrate Judge Gilbert |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on claimant Jennifer Gibson's application for attorneys'

fees under the Equal Access to Justice Act ("EAJA") pursuant to 28 U.S.C. § 2412. Gibson filed

an application for Supplemental Security Income ("SSI") on behalf of her minor son, C.E. The

Social Security Administration ("SSA") denied C.E.'s application for SSI, which Gibson

appealed to this Court on C.E.'s behalf. Gibson's appeal was successful. The Court reversed the

decision of the Commissioner of Social Security and remanded the case to the SSA pursuant to

42 U.S.C. § 405(g) for further proceedings. *See Gibson v. Astrue*, Case. No. 10 C 7715

[Dkt.##29,30]. As the prevailing party, Gibson now seeks payment of her attorneys' fees under

the EAJA. For the reasons set forth below, Gibson's Motion for Attorneys' Fees Under EAJA

[Dkt.#31] is granted.

**DISCUSSION**

The EAJA allows for recovery of attorneys' fees and costs by a party who prevails in a

civil action against the United States, "including proceedings for judicial review of agency

action." 28 U.S.C. § 2412. A court may award fees when (1) the claimant is a prevailing party;

(2) the government's position is not substantially justified; (3) there are no special circumstances

that would make an award unjust; and (4) the prevailing party's application for fees is timely

filed. 28 U.S.C. § 2412(d)(1)(A); *Comm'r, INS v. Jean*, 496 U.S. 154, 155 (1990); *Stewart v.

Astrue*, 561 F.3d 679, 683 (7th Cir. 2009).

In this case, the Commissioner does not dispute that Gibson is a prevailing party, that the

government's position was not substantially justified, that there are no special circumstances, nor

that the petition for fees was timely filed. The Commissioner does contest, however, the

reasonableness of the fees requested by Gibson. In her petition, Gibson claims that 54.25 hours

of attorney time were expended on this case by attorneys Deborah Spector and Joseph Sellers,

and she requests total fees in the amount of $9360.38. Gibson requests that her attorneys' time

be compensated at a billing rate of $169.05 for 2010, $171.86 for 2011, and $175.13 for 2012,

reflecting a cost of living adjustment to the statutory rate of $125 per hour. The Commissioner

contends that both the number of hours and the billing rate requested by Gibson are

unreasonable. Both challenges are without merit.

A.    The Attorneys' Billing Rates Requested by Gibson Are Reasonable

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour

unless the court determines that an increase in the cost of living…justifies a higher fee." 28

U.S.C. § 2412(d)(2)(A)(ii); *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). This

presumptive ceiling has not been changed since 1996. Courts in this district routinely allow for

cost of living increases. *See, e.g., Claiborne v. Astrue*, 2012 WL 2680777, at *1, 4 (N.D. Ill.

2012); *Seabron v. Astrue*, 2012 WL 1985681, at *2-3 (N.D. Ill. 2012); *Just v. Astrue*, 2012 WL

2780142, at *3 (N.D. Ill. 2012). In order to demonstrate that a cost of living adjustment is

appropriate, however, Gibson cannot simply point to the rate of inflation. She must demonstrate

that inflation "actually justifies a higher fee" by showing that "inflation has increased the cost of providing adequate legal service." *Mathews-Sheets*, 653 F.3d at 563.

Gibson uses the Consumer Price Index to adjust the statutory rate for inflation. To demonstrate that such an increase is justified, she also provides affidavits from two other attorneys specializing in social security disability cases. Those attorneys aver that they would seek hourly fees between $250 and $300, and rental rates paid by Gibson's attorneys since 1996 for office space. *See* Claimant's Reply [Dkt.#39], Ex. 1-3. Courts have relied on this type of evidence in approving cost of living increases. *See Claiborne*, 2012 WL 2680777, at *4 (finding evidence of increased in rent, salaries, and health insurance adequate to demonstrate the effect of inflation); *Seabron*, 2012 WL 1985681, at *3 (using affidavits and evidence of increased expenses to determine that a cost of living increase was appropriate).

Though Gibson has not provided evidence of salary or health insurance cost increases, the evidence she did provide demonstrates that the cost to her attorneys of providing legal services has increased in step with inflation. Courts in this district have allowed claimants to use the Consumer Price Index to adjust hourly attorneys' rates to account for cost of living increases in EAJA cases and have found similar rates to be justified under the EAJA since *Mathew-Sheets* was decided. *See, e.g.*, *Dewolf v. Astrue*, 2012 WL 3260420, at *3 (N.D. Aug.8, 2012) (approving an hourly rate of $181.37); *Claiborne v. Astrue*, 2012 WL 2680777, at * 1 (N.D. Ill. July 6, 2012) ($181.25); *Seabron v. Astrue*, 2012 WL 1985681, at *4 (N.D. Ill. June 4, 2012) ($176.25). Thus, the cost of living adjustment to the hourly rates is appropriate.

Relying on *Mathews-Sheets v. Astrue*, the Commissioner argues that Gibson must demonstrate the limited availability of lawyers capable of handling the plaintiff's case in the relevant geographical area for less than the hourly rate requested. *See* Commissioner's Resp.

[Dkt.#38], at 3. It is not immediately clear that the Seventh Circuit's language supports this contention. In *Mathews-Sheets*, the Seventh Circuit notes that while "[i]t might seem that because the cost of living special factor is not automatic, the two enumerated special factors [cost of living and limited availability of qualified attorneys] merge; the lawyer arguing for a cost of living increase must show limited availability of lawyers able to handle such a case. *But that is not correct*." 653 F.3d at 565 (emphasis added). The Seventh Circuit, however, also holds that on remand, the plaintiff's attorney must demonstrate that, absent a cost of living increase, "a lawyer capable of competently handling the challenge that his client mounted...could not be found in the relevant geographical area to handle the case." *Id.*; *see also Claiborne*, 2012 WL 2680777; at *3 ("Such a requirement would seem at odds with the disjunctive language in the EAJA....[m]oreover, the language that the Commissioner relies upon to support its position appears to be dicta.").

Even if such a showing is necessary, the affidavits of other attorneys in Chicago who handle social security litigation and the evidence of increased rental rates is sufficient to meet this burden. Other district courts likewise have interpreted *Mathew-Sheets* to allow a rate increase upon a showing of both general inflation and higher costs for the lawyer seeking the adjustment. *See Dewolf v. Astrue*, 2012 WL3260420, at *2-3 (granting a rate increase based on the Consumer Price Index increase and the attorney's representations of his own increased costs); *Just v. Astrue*, 2012 WL 2780141, at *2 (N.D. Ill. July 9, 2012) (same and also considering affidavits of other local attorneys attesting to increased costs); *Seabron*, 2012 WL 1985681, at 3-4 (same and the Commissioner also conceding that a cost of living increase to $175.69 was warranted based on the regional Consumer Price Index for Chicago-Gary-

Kenosha); *Scott v. Astrue*, 2012 WL 527523, at *6 (N.D. Ill. Feb. 16, 2012) (same). Accordingly, the Court finds the rates requested by Gibson are reasonable.

**B.    The Number of Attorneys' Hours Requested by Gibson Are Reasonable**

Generally, "[t]he prevailing party has the burden of proving that the hours worked were reasonable." *Seabron*, 2012 WL 1985681, at *1 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The district court has discretion in determining appropriate fees, but "should avoid engaging in an arbitrary determination of how long a reasonable attorney would spend on certain matters." *Id.* at *1 (internal quotations omitted).

The Commissioner argues that the seven hours spent in preparation of the petition for fees under the EAJA are excessive, characterizing the filing as "a cut-and-paste petition which routinely is billed only one or at most two hours for." (Commissioner's Resp. [Dkt.#38], at 2). Not only does the Commissioner fail to provide any support for this contention, but the government must provide more than a "comparison of raw numbers of hours…in determining whether the hours here were 'reasonably expended.'" *Tchemkou v. Mukasey*, 517 F.3d 506, 511 (7th Cir. 2008).

Courts also have been cautioned against arbitrarily determining a "reasonable" amount of time for a particular activity, as "different lawyers require different amounts of preparation." *Seabron*, 2012 WL 1985681, at *1 (citing *Gusman v Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993)). *See also Bryan v. Astrue*, 2010 WL 438384, at *4 (N.D. Ill. 2010) ("We are skeptical about the wisdom of assessing the reasonableness of the time spent on a social security appeal by comparison simply to the amount of time spent by plaintiffs in briefing appeals in other cases."). Like in *Bryan* and *Seabron*, the Commissioner has not "point[ed] out arguments that were

unnecessary or excessive time spent on arguments properly made." *Bryan*, 2010 WL 438384, at *4. *See also Seabron*, 2012 WL 1985681, at *3.

The Commissioner also argues that Gibson should not be permitted to recover 6.5 hours her attorneys spent drafting a reply brief because Gibson refused a $7,500 settlement offer. However, there is no evidence that Gibson engaged in any dilatory tactics or unnecessarily prolonged the litigation. Gibson did not reject increasing settlement offers only to eventually settle for a smaller sum with the opportunity to litigate her fees, nor did she prolong the litigation to increase her fees. Rejecting one settlement offer can hardly be described as dilatory, and thus Gibson is entitled to recover the fees incurred by her attorneys in drafting the reply.

Finally, the Commissioner argues that the hours requested by Gibson are unreasonable because several tasks were billed at quarter-hour increments rather than one-tenth of an hour increments. The Commissioner notes fifteen tasks, which he describes as "ministerial," that he claims should not have taken a full fifteen minutes to complete.

Courts have frequently found that quarter-hour billing increments "are allowable if they are reasonably applied." *Willis v. Barnhart*, 2002 WL 31779907, at *3 (N.D. Ill. 2002). *See also Schulten v. Astrue*, 2010 WL 2135474, at *2-5 (N.D. Ill. 2010) (noting that "there is no statutory provision forbidding billing in quarter-hour segments" and that "the Commissioner has seemingly approved billing in fifteen-minute increments in his Programs Operations Management Systems"); *Welsh v. Halter*, 2004 WL 1595249, at *3 (N.D. Ill. 2004); *Harper v. Massanari*, 2002 WL 1998302, at *2 (N.D. Ill. 2002) (citing *Wonders v. Shalala*, 822 F. Supp. 1345, 1349 (E.D. Wis. 1996)). Thus, the court's responsibility is not to assess the reasonableness of quarter-hour billing increments generally, but rather to assess "whether the fees and costs are excessive, redundant or otherwise unnecessary." *Schulten*, 2010 WL 2135474,

6

at *2 (also noting that "if it takes thirty seconds to read an order scheduling a particular matter, billing a tenth of an hour is clearly improper. That it is only less improper than billing a quarter of an hour is beside the point").

Like in *Schulten v. Astrue*, the Commissioner "does not pause to specify a single entry that he claims to be unreasonable...[but] merely indicates that there are [several] quarter-hour entries, and apparently suggests without any analysis of them that there should be a blanket disapproval or some reduction; how much he does not say." 2010 WL 2135474, at *1. Without support for the contention that the fifteen tasks billed at a quarter-hour were unreasonable, redundant, or excessive, we find that the hours billed for these tasks are reasonable and that the hours requested by Gibson are reasonable.

## CONCLUSION

For all the reasons set forth in the Court's Memorandum Opinion and Order, the Court grants Gibson's Motion for Attorneys' Fees Under EAJA [Dkt.#31] and awards her attorneys' fees in the amount of $9,360.38 pursuant to 28 U.S.C. § 2412(d). If a separate order is required in this regard, the parties shall submit their draft via the proposed order link on the Court's website.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 23, 2013